IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VIRGINIA SHANTA MCKINLEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:25-CV-1964-L-BN** |
| | § | |
| **CITY OF GRAND PRAIRIE and** | § | |
| **J. RODERMUND,** | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

On October 15, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 4) ("Report") was entered, recommending that the court dismiss without prejudice this action, pursuant to Federal Rule of Civil Procedure 41(b), as a result of Plaintiff's failure to prosecute and comply with a deficiency order entered by the magistrate judge. No objections to the Report were filed, and the deadline for asserting objections has expired.

While the magistrate judge recommends that this action be dismissed without prejudice, he notes that the Fifth Circuit has held that dismissal under Rule 41(b) operates as a dismissal with prejudice when the applicable statute of limitations bars future litigation. Report 4 (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)). The magistrate also notes that the Fifth Circuit has affirmed the dismissal of actions under Rule 41(b) although such dismissal were effectively with prejudice in light of the applicable statute of limitations barring future litigation. Specifically, the magistrate judge notes that, in *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019), the Fifth Circuit affirmed the dismissal of an action under such circumstances because the district court had warned the plaintiff of the consequences of her failure to comply

**Order – Page  1**

with an order requiring her to serve the defendants and gave her a second chance to serve the defendants, but she nevertheless "disregarded that clear and reasonable order."

Similar circumstances exist in this case. Plaintiff's claims for excessive force, false arrest, and malicious prosecution under 41 U.S.C. § 1983 are subject to a two-year statute of limitations that commenced on July 28 2023, on the date of her arrest. *See* Doc. 1 at 2; *see also Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (two-year statute of limitations for section 1983 actions). After Plaintiff filed this action on July 28, 2025, the magistrate judge issued an Order and Notice of Deficiency on August 6, 2025, requiring Plaintiff to pay the case filing fee or file a motion to proceed *in forma pauperis* by September 5, 2025. After Plaintiff failed to do either, the magistrate judge issued his Report to which Plaintiff had another opportunity to address the deficiency previously identified by the magistrate judge. She nevertheless failed to respond to the Report and did not seek a continuance to file objections or cure the prior deficiency identified. As a result, there has been no action by Plaintiff since she filed this action on July 28, 2025. The court cannot force Plaintiff to prosecute her claims and determines from the inactivity in this action and Plaintiff's failure comply with the magistrate judge's Order and Notice of Deficiency that she no longer wishes to pursue the claims asserted. Accordingly, dismissal under Rule 41(b) is warranted even though such dismissal will potentially be with prejudice.

Thus, having considered the file, Report (Doc. 4), and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to Rule 41(b) as a result of Plaintiff's failure to prosecute and comply with a court order.

**Order – Page 2**

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of November, 2025.

Sam A. Lindsay
United States District Judge